IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Heinrich Production  LLC<br>840 Swartz Road<br>Reno, OH, 45773, | :<br>:<br>:<br>: | |
| Plaintiff, | : | Case No. _____ |
| | : | |
| v. | :<br>: | |
| American Arbitration Association<br>120 Broadway Floor 21<br>New York, NY, 10271 | :<br>:<br>:<br>: | Judge _____ |
| and | :<br>: | |
| Noble Zickefoose<br>167 North Hills Drive<br>Parkersburg, WV 26104 | :<br>:<br>:<br>: | |
| and | :<br>: | |
| Terry Clark<br>202 Glengarry Drive<br>Corapolis, PA 15108 | :<br>:<br>:<br>: | |
| Defendants. | : | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Now comes Plaintiff, Heinrich Production LLC, by and through its undersigned counsel, and for its complaint against defendants American Arbitration Association, Noble Zickefoose, and Terry Clark hereby states:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Heinrich Production LLC ("Heinrich"), is an Ohio limited liability company with its principal place of business located in Reno, Ohio. All members of Heinrich are citizens and residents of Ohio.

1

2. Defendant Noble Zickefoose ("Zickefoose") is an individual and resident of Parkersburg, West Virginia.

3. Defendant Terry Clark ("Clark") is an individual and resident of Corapolis, Pennsylvania.

4. Defendant American Arbitration Association ("AAA") is a not-for-profit organization organized under the laws of the state of New York, with its headquarters and principal place of business in the state of New York. AAA provides alternative dispute resolution services to individuals and organizations who wish to resolve conflicts out of court.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 because this dispute is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Washington County, Ohio, which is located within this judicial district and division.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff Heinrich is a 50% member in non-party Horizon Partners Investments LLC ("Horizon"), an Ohio limited liability company. Non-party John Jack is the other 50% member in Horizon.

8. The members of Horizon (Heinrich and Jack) entered into the Member-Managed Operating Agreement of Horizon Partners Investments LLC ("Horizon Operating Agreement") in April 2015, a true and accurate copy of which is attached hereto as Exhibit A. Section 9.13 of the Horizon Operating Agreement provides that "[a]ny and all disputes or disagreements arising among the Members [i.e., Jack and

Heinrich] with respect to this agreement, the Company [i.e., Horizon] or its business, which the Members [i.e., Jack and Heinrich] are not able to amicably resolve by themselves" shall be resolved by binding arbitration.

9. Horizon is a 50% member in non-party Tri State Disposal LLC ("Tri State"), an Ohio limited liability company. The other members in Tri State are Jack (20%), Defendant Zickefoose (20%) and Defendant Clark (10%).

10. The members of Tri State (i.e., Horizon, Jack, Zickefoose, and Clark) entered into the Member-Managed Operating Agreement of Tri State Disposal LLC ("Tri State Operating Agreement") on March 4, 2015, a true and accurate copy of which is attached hereto as Exhibit B. Section 10.19, of the of the Tri State Operating Agreement provides that "[a]ny and all disputes or disagreements arising among the Members [i.e., Horizon, Jack, Zickefoose, and Clark] with respect to this agreement, the Company [i.e., Tri State] or its business, which the Members [i.e., Horizon, Jack, Zickefoose, and Clark] are not able to amicably resolve by themselves" shall be resolved by binding arbitration.

11. Heinrich is not and has never been a member of Tri State, and as such, Heinrich was not a party to and never executed the Tri State Operating Agreement.

12. Tri State is itself a 50% owner of in non-party Water Energy Services, LLC ("WES"), a Pennsylvania limited liability company.

13. WES was formed for purposes of constructing and operating a facility to dispose of waste water created as a by-product of oil and gas production in Southeastern Ohio and surrounding areas.

14. Disputes arose between the members of the above entities, resulting in ongoing litigation in multiple courts. Relevant here are two lawsuits: (1) *Heinrich*

*Production, LLC v. John Jack, et al.*, Case No. 16-OT-142 in the Washington County, Ohio, Court of Common Pleas (the "Jack Lawsuit"); and (2) *TCFII Westfall, LLC v. WES, et al.*, Case No. 16-FR-161 in the Washington County, Ohio, Court of Common Pleas (the "Receivership").

15. Heinrich initiated the Jack Lawsuit in May 2016 asserting claims against Jack for his breach of contract and breach of fiduciary duties in connection with his conduct as CEO of Water Energy Services, LLC ("WES") and as a Horizon member. On August 16, 2016, Judge Burnworth of the Washington County Ohio Common Pleas Court determined that the claims raised between Heinrich and Jack in the Jack Lawsuit were arbitrable under the Horizon Operating Agreement, and ordered a stay of the case so Heinrich and Jack could arbitrate their disputes.

16. On September 2, 2016, Heinrich initiated arbitration of its claims against Jack with the AAA (the "Arbitration"). Retired Judge Mark P. Painter was appointed the Arbitrator. A Final Hearing in the Arbitration is currently scheduled to occur in Marietta, Ohio, on March 27, 2017.

17. While Jack was the only named respondent in the Arbitration, Zickefoose and Clark, unilaterally and without approval, intervened in the Arbitration as Counterclaimants, and asserted several Counterclaims against Heinrich. These counterclaims are set forth in the December 30, 2016 Amended Counterclaims of Counterclaimants, John Jack, Noble Zickefoose and Terry Clark ("Zickefoose and Clark's Counterclaims"). Because the Horizon Operating Agreement contains a provision that the arbitration is to remain confidential, out of an abundance of caution,

4

Plaintiff is not attaching a copy of Zickefoose and Clark's Counterclaims hereto. Plaintiff will file a copy thereof with the Court under seal if necessary.

18. Through their counterclaims, Zickefoose and Clark seek in excess of $3 million in damages against Heinrich in the Arbitration.

19. The Receivership litigation was also filed in Washington County, Ohio. Approximately two dozen litigants other than WES were named as parties in the Receivership (including Jack, Heinrich, Zickefoose, and Clark). On July 29, 2016, the Court appointed a receiver to sell the assets of the WES to the highest bidder at auction. Those assets were sold at auction on December 6, 2016.

20. As the Receivership litigation progressed, the parties filed claims and cross-claims against each other. Significantly (and prior to raising any counterclaims in the Arbitration), Jack, Zickefoose and Clark filed cross-claims against Heinrich (and others) for abuse of process, breach of fiduciary duty, breach of contract and civil conspiracy. Tri State itself also filed a cross-claim against Heinrich in the Receivership. Zickefoose and Clark's Counterclaims in the Arbitration are substantively duplicative of cross claims they and Tri State had previously filed against Heinrich in the Receivership.

21. On February 2, 2016, Heinrich moved for summary judgment in the Arbitration seeking dismissal of all counterclaims asserted by Zickefoose and Clark against Heinrich on the basis that any claim raised by Zickefoose and Clark against Heinrich were not arbitrable because they did not fall within the arbitration provisions of either the Horizon Operating Agreement (which applied solely to claims between Jack and Heinrich) or the Tri State Operating Agreement (which applied solely to claims between Jack, Zickefoose, Clark, and Horizon).

22. On February 22, 2017, the Arbitrator issued a two sentence decision denying Heinrich's motion for summary judgment. Specifically, the Arbitrator stated: "Heinrich's summary judgment motion is overruled. The claims and counterclaims are so closely related and that they should be heard together." Thus, the Arbitrator intends to proceed with a final hearing in the arbitration of Zickefoose and Clark's claims against Heinrich, despite Heinrich's objection to the arbitration of such disputes, and despite the lack of any applicable arbitration clause requiring Heinrich to arbitrate any such disputes.

23. The counterclaims brought by Zickefoose and Clark against Heinrich in the Arbitration are not arbitrable because there is no agreement to arbitrate any claims between Heinrich, on the one hand, and Zickefoose and/or Clark on the other. In short, Heinrich is not a party to any arbitration clause with either Zickefoose or Clark, and cannot be compelled to arbitrate any disputes with Zickefoose or Clark.

24. Moreover, Zickefoose and Clark have waived any right to arbitrate their counterclaims brought against Heinrich in the Arbitration because they have filed the same and/or duplicate claims against Heinrich in the Receivership. Zickefoose and Clark filed their claims in the Receivership seven weeks prior to their attempt to assert those same claims as counterclaims in the Arbitration.

### FIRST CLAIM – DECLARATORY JUDGMENT

25. Heinrich incorporates by reference each and every allegation contained within the preceding paragraphs as if fully restated herein.

26. A real and justiciable controversy exists between the parties as to the arbitrability of the counterclaims brought by Zickefoose and Clark against Heinrich in the Arbitration.

27. Speedy relief is necessary to preserve Heinrich's defense that the Zickefoose and Clark counterclaims are not arbitrable and that the AAA has no jurisdiction over those claims, which defense may otherwise by impaired or lost if Heinrich is forced to "litigate" those claims in the Arbitration. The Final Hearing is currently set to begin on March 27, 2017.

28. Heinrich is entitled to a judgment declaring that the Zickefoose and Clark counterclaims brought against Heinrich in the Arbitration are not arbitrable including on the grounds that: (1) there is no agreement to arbitrate any claims between Heinrich, on the one hand, and Zickefoose and/or Clark on the other; and/or (2) Zickefoose and Clark have waived any right to arbitrate their counterclaims brought against Heinrich because they have filed the same and/or duplicate claims against Heinrich in the Receivership.

## SECOND CLAIM – INJUNCTIVE RELIEF

29. Heinrich incorporates by reference each and every allegation contained within the preceding paragraphs as if fully restated herein.

30. Heinrich is entitled to a temporary restraining order and/or preliminary injunction ordering that the AAA not proceed with the Arbitration's Final Hearing until this Court has rendered a determination on the arbitrability of Zickefoose and Clark's counterclaims against Heinrich.

31. Heinrich is entitled to a permanent injunction precluding the AAA from asserting jurisdiction over the counterclaims that Zickefoose and Clark have brought against Heinrich in the Arbitration.

32. Heinrich does not have an adequate remedy at law to prevent the Defendants from asserting and proceeding with the Zickefoose and Clark counterclaims in the Arbitration. An injunction will preserve Heinrich's right to not have the

7

Zickefoose and Clark counterclaims litigated in the Arbitration, which right will be lost if those counterclaims are allowed to proceed in the Arbitration.

33. Neither a preliminary nor permanent injunction would cause substantial harm to others.

34. The public interest would be served by issuing a preliminary and permanent injunction.

WHEREFORE, Plaintiff, Heinrich Production LLC, demands judgment against Defendants AAA, Zickefoose, and Clark as follows:

a) For declaratory relief described above;

b) Preliminary and permanent injunctive relief as described above;

c) For all and any other relief, whether legal or equitable, that this Court deems just and proper.

Respectfully submitted,

/s/ *James E. Arnold*
James E. Arnold (0037712) (Trial Counsel)
Gerhardt A. Gosnell II (0064919)
Gerrod L. Bede (0088075)

**JAMES E. ARNOLD & ASSOCIATES, LPA**
115 West Main Street, Fourth Floor
Columbus, Ohio 43215
Telephone: (614) 460-1600
Facsimile: (614) 469-1066
Email: jarnold@arnlaw.com
ggosnell@arnlaw.com
gbede@arnlaw.com

*Counsel for Plaintiff Heinrich Production LLC*